## James Talcott *v.* John B. Brenniser et al., Appellants.

*Evidence—False representations—Sale.*

On the trial of an issue to determine the ownership of goods, where it appears that the goods had been deposited with defendant by a vendee of the plaintiff as collateral security for an antecedent debt, and plaintiff claims that he made the sale in consequence of false representations made by the vendee, the testimony of a confidential clerk of the vendee as to the true state of his employer's business is admissible to establish the falsity of the representations upon which the sale was made.

Argued March 25, 1895. Appeal, No. 108, July T., 1894, by defendant, from judgment of C. P. No. 4, Phila. Co., Dec. T., 1891, No. 757, on verdict for plaintiff. Before STERRETT, C. J., MCCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Replevin.

From the record it appeared that the ground of the replevin was that the goods in question had been purchased from the plaintiff by the firm of Nowell & Presby, of New York city, and that this purchase had been induced by the fraud and deceit of Nowell & Presby, who thereafter consigned the goods to defendants as collateral security for an antecedent indebtedness, owing the defendants from Nowell & Presby.

The representations upon which the sale was made were con-

tained in a statement made by Nowell & Presby, to a mercantile agency. To establish their falsity, Lester J. Blauvelt was called on behalf of plaintiffs, and testified that he had been in the employ of Nowell & Presby for about seven years, and was familiar with their business and their books; that he had been employed by the assignee of Nowell & Presby, as an expert, and had made up a statement of the condition of the business of Nowell & Presby. Under objection and exception, the following testimony of Blauvelt was admitted:

" Q. State what the total nominal assets and actual assets of Nowell & Presby at the time it failed were, as obtained by you from the result of this investigation made. A. Nowell & Presby's liabilities, at the time of their failure, amounted to $383,415.74. The following is a statement of their nominal and actual assets:

|  | Nominal. | Actual. |
| --- | --- | --- |
| " 'Merchandise, furniture, real estate, etc. | $46,817 99 | $29,124 19 |
| Cash and checks . . . . . | 4,350 33 | 4,350 33 |
| Bills receivable . . . . . . | 1,400 39 | |
| Mining stocks, etc. . . . . . | 718,983 00 | 600 00 |
| Book accounts . . . . . . | 89,678 96 | 19,042 69 ' " |

Verdict and judgment for plaintiff for $7,683.60. Defendants appealed.

*Error assigned* was ruling on evidence as above, quoting the bill of exception.

*Josiah R. Adams, Samuel B. Huey* with him, for appellants, cited: Oil Co. v. Gilson, 63 Pa. 152; Water Co. v. Stewartson, 96 Pa. 438; Coyle v. Com., 104 Pa. 131.

*Frederic R. Kellogg, John S. Freeman* and *John F. Keator* with him, for appellee.

PER CURIAM, April 8, 1895:

We find nothing in this record that would justify a reversal of the judgment. The testimony recited in the specification of error was neither incompetent nor irrelevant and hence there was no error in admitting it. This being the only subject of complaint, there is nothing on which to base a reversal.

Judgment affirmed.